**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

| | | |
|---|---|---|
| L-3 COMMUNICATIONS EOTECH, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-515 |
| | ) | (Judge Lynn J. Bush) |
| THE UNITED STATES OF AMERICA | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE**

Pursuant to Rule 24(a) and 7(b) of the Rules of the United States Court of Federal Claims ("RCFC"), Aimpoint, Inc. ("Aimpoint"), through undersigned counsel, respectfully submits this Memorandum of Points and Authorities in Support of its Motion to Intervene in the above-captioned case. As set forth below, Aimpoint is entitled to intervene as a matter of right under RCFC 24(a)(2).

**STATEMENT OF FACTS**

Defendant U.S. Army Materiel Command ("AMC") issued RFP No. W15QKN-07-R-0428 ("Solicitation") for "Close Combat Optics" to be used with M16A2 rifles. As a follow up to a GAO decision denying its bid protest in that forum, L-3 Communications filed its complaint in this forum seeking similar relief. In this pre-award action, L-3 Communications is protesting its exclusion from the competitive range. After agency consideration of proposals, the competitive range for the Solicitation was reduced to a competitive range of one – Aimpoint, Inc. L-3 Communications raises issues relating to the test performance of Aimpoint and whether a competitive range of one was appropriate.

**ARGUMENT**

Aimpoint is entitled to intervene in this case as a matter of right under RCFC 24(a), which provides the following:

> Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

The Federal Circuit has stated that "the requirements for intervention are to be construed in favor of intervention." *Am. Mar. Transp., Inc.*, 870 F.2d 1559, 1561 (Fed. Cir. 1989); *Am. Renovation & Constr. Co. v. United States*, 65 Fed. Cl. 254, 257 (2005).

Aimpoint's motion is timely, as the protest was filed on July 15, 2008. Aimpoint also satisfies the other requirements of RCFC 24(a)(2). As L-3 is seeking to enjoin all procurement activity, this would directly affect Aimpoint as the only entity in the competitive range. Aimpoint has a direct, substantial and "legally protectable interest" in the procurement as the only entity in the competitive range.

Finally, Aimpoint's interests are not adequately protected by the United States. As the procuring agency, AMC owes an equal duty to all offerors. Its interests are broader than, and potentially distinct from, Aimpoint's interest in protecting its position as the only offeror in the competitive range. Furthermore, absent intervention, Aimpoint is unable to adequately protect its proprietary information and its business reputation.

**CONCLUSION**

For the reasons set forth above, Aimpoint's Motion to Intervene should be granted.

Dated: July 17, 2008

/s/ Lawrence Block
LAWRENCE BLOCK (#452190)
Stinson Morrison Hecker LLP
1150 - 18th Street, N.W., Suite 800
Washington, D.C. 20036
Tel: (202) 785-9100; Fax: (202) 572-9993
lblock@stinson.com
*Attorneys for Aimpoint, Inc.*