# In the United States Court of Federal Claims

No. 08-515 C

(Filed July 18, 2008)

| | |
|---|---|
| * * * * * * * * * * * * * * * * | * |
| L-3 COMMUNICATIONS EOTECH, INC., | * * * |
| *Plaintiff,* | * * |
| v. | * * |
| THE UNITED STATES, | * * |
| *Defendant,* | * * |
| AIMPOINT, INC., | * * |
| *Intervenor-defendant.* | * |
| * * * * * * * * * * * * * * * * | * |

**ORDER**

The court's scheduling order of July 17, 2008 in the subject matter neglected to clarify the procedure for admitting counsel to the protective order also entered on that date. Counsel participating in the teleconference, including Mr. DeVecchio, Mr. Chudd and Mr. Block, all verbally applied for admission to the protective order, objections to their admission were waived by counsel for the parties, and their admission was granted by the court. Mr. Hipp and Mr. Toland are automatically admitted to the protective order by paragraph seven of that order. All participants in the teleconference were admitted to the protective order by the court on July 17, 2008 and are bound by its terms. Additional counsel for plaintiff or intervenor must apply for admission to the protective order pursuant to the instructions in paragraphs four through six of that order.

Accordingly, it is hereby **ORDERED** that Mr. DeVecchio, Mr. Chudd and Mr. Block are **ADMITTED** to the protective order of July 17, 2008, as of that date.

/s/Lynn J. Bush
LYNN J. BUSH
Judge