**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

| | |
|---|---|
| L-3 COMMUNICATIONS EOTECH, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 08-515 |
| | ) (Judge Lynn J. Bush) |
| THE UNITED STATES OF AMERICA | ) |
| | ) |
| Defendant, | ) |
| | ) |
| AIMPOINT, INC., | ) |
| | ) |
| Intervenor-defendant. | ) |
| | ) |

APPLICATION FOR ACCESS TO INFORMATION UNDER
PROTECTIVE ORDER BY OUTSIDE OR INSIDE COUNSEL

1. I, Dennis Lane, hereby apply for access to protected information covered by the Protective Order issued in connection with this proceeding.

2. I am an attorney with the law firm of Stinson Morrison Hecker LLP, and have been retained to represent Aimpoint, Inc., a party to this proceeding.

3. I am not a member of the bar of the United States Court of Federal Claims

4. My professional relationship with the party I represent in this proceeding and its personnel is strictly one of legal counsel. I am not involved in competitive decision making as discussed in *U.S. Steel Corp. v. United States*, 730 F.2d 1465 (Fed. Cir. 1984), for or on behalf of the party I represent, any entity that is an interested party to this proceeding, or any other firm that might gain a competitive advantage from access to the information disclosed under the Protective Order. I do not provide advice or participate in any decisions of such parties in matters involving similar or corresponding information about a competitor. This means that I do not, for example, provide advice concerning, or participate in decisions about, marketing or advertising strategies, product research and development, product design or competitive structuring and composition of bids, offers, or proposals with respect to which the use of protected information could provide a competitive advantage.

5. I identify here those attorneys in my firm who, to the best of my knowledge, cannot make the representations set forth in the preceding paragraph: None.

6. I identify here any member of my immediate family who is an officer or holds a management position with an interested party in the proceeding or with any other firm that might gain a competitive advantage from access to the information disclosed under the Protective Order: None.

7. I identify here instances in which I have been denied admission to a protective order, had admission revoked, or have been found to have violated a protective order issued by any administrative or judicial tribunal: None.

8. I have read the Protective Order issued by the court in this proceeding. I will comply in all respects with that order and will abide by its terms and conditions in handling any protected information produced in connection with the proceeding.

9. I acknowledge that a violation of the terms of the Protective Order may result in the imposition of such sanctions as may be deemed appropriate by the court and in possible civil and criminal liability.

[REMAINDER OF PAGE INTENTIONALLY BLANK]

By my signature, I certify that, to the best of my knowledge, the representations set forth above are true and correct.

Signature

7/23/08
Date Executed

Dennis Lane, Partner
Typed Name and Title

(202) 785-9100
Telephone Number

(202) 785-9163
Fax Number

Signature of Attorney of Record

7/23/08
Date Executed

Lawrence P. Block, Partner
Typed Name and Title

(202) 785-9100
Telephone Number

(202) 785-9163
Fax Number

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Application for Access to Information Under Protective Order by Outside Counsel was served via electronic mail and first class mail, postage prepaid this 23rd day of July, 2008 to the following:

W. Jay DeVecchio, Esq.
Jenner & Block LLP
1099 New York Avenue, N.W.
Suite 900
Washington, D.C. 20001-4412
jdevecchio@jenner.com

Roger A. Hipp, Esq.
Trial Attorney
U.S. Department of Justice
Civil Division, Commercial Litigation Branch
1100 L Street, N.W. Room 10112
Washington, D.C. 20530
Roger.Hipp@usdoj.gov

/s/ Lawrence P. Block
Lawrence P. Block