# In the United States Court of Federal Claims

No. 08-515 C
(Filed September 11, 2008)

* * * * * * * * * * * * * * * * *
L-3 COMMUNICATIONS EOTECH, INC.,

*Plaintiff*,

v.

THE UNITED STATES,

*Defendant*,

AIMPOINT, INC.,

*Intervenor-defendant*.
* * * * * * * * * * * * * * * * *

## ORDER

The court has before it intervenor-defendant's (Aimpoint's) Motion for Enjoining Army from Retesting During Pendency of Appeal, filed September 10, 2008. The court today held a telephonic status conference on the motion. Participating with the undersigned were:

W. Jay DeVecchio, counsel for plaintiff;
Kevin C. Dwyer, for plaintiff;
Roger A. Hipp, counsel for defendant;
Lawrence Block, counsel for intervenor-defendant;
John Bean, law clerk.

Aimpoint's motion is filed under RCFC 62(c), which provides that "[w]hen an appeal is taken from an interlocutory or final judgment granting . . . an injunction, the court in its discretion may . . . grant an injunction during the pendency of the appeal . . . as it considers proper for the security of the rights of

the adverse party." *Id.* Aimpoint's motion concerns imminent proposed retesting activities by the Army, and requests injunctive relief staying those activities pending its appeal of the court's August 15, 2008 decision and judgment entered for plaintiff on August 20, 2008. Aimpoint's notice of appeal was filed on August 25, 2008.

The court notes that Aimpoint's motion for injunctive relief is analogous to the filing of what is known as a "reverse protest." *See OAO Corp. v. Johnson*, 49 F.3d 721, 724 (Fed. Cir. 1995) ("A 'reverse protest' is a challenge by the contract awardee to an agency's termination of the contract for improprieties in the award process.") (citation omitted). The court also notes that "[o]rdinarily, the act of filing a notice of appeal confers jurisdiction on an appellate court and divests the trial court of jurisdiction over matters related to the appeal." *Gilda Indus., Inc. v. United States*, 511 F.3d 1348, 1350 (Fed. Cir. 2008). However, this court has interpreted its own rule in the bid protest context to provide that "pursuant to RCFC 62(c) this Court retains the power to determine whether to stay its own judgment pending appeal and jurisdiction over [a RCFC 62(c)] motion is appropriate." *JWK Int'l Corp. v. United States*, 49 Fed. Cl. 364, 366 (2001).

The court therefore sets a briefing schedule for its consideration of Aimpoint's motion. Accordingly, it is hereby **ORDERED** that

(1) Plaintiff and the United States shall **FILE** their Response briefs by **5:00 p.m.**, **eastern time** on **September 15, 2008**;

(2) Aimpoint shall **FILE** its Reply brief by **5:00 p.m.**, **eastern time** on **September 17, 2008**; and

(3) The parties are reminded that the protective order in this case, entered on July 17, 2008, **REMAINS** in effect.

/s/Lynn J. Bush
LYNN J. BUSH
Judge